**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50016 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04602-DMS-1 |
| v. | |
| AURELIO ZUNIGA-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 7, 2012
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Aurelio Zuniga-Garcia appeals his conviction for the importation of

marijuana, 21 U.S.C. §§ 952, 960, and possession with intent to distribute, 21

U.S.C. § 841(a)(1). Zuniga-Garcia contends that the district court abused its

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

discretion when it denied his request for a lost or destroyed evidence jury instruction. We agree and we vacate his conviction.

1. Zuniga-Garcia was apprehended at the United States - Mexico border when government agents searched his vehicle and found that the fuel tank of his truck contained marijuana. At trial, Zuniga-Garcia contended that he was unaware of the drugs in his gas tank. In its prosecution, the government relied heavily on the presence of a large black bolt in the defendant's pocket when he was stopped at the border. At the time that he was searched and the bolt was found, Zuniga-Garcia informed the searching officer that it was for one of the many construction-related tools in his truck. At some point prior to trial all of Zuniga-Garcia's tools were lost or destroyed while in the possession of the government. The defense requested a lost or missing evidence instruction based on the unexplained disappearnace of this potentially-exculpatory evidence, but its request was denied by the district court. After two trials, the first resulting in a hung jury, Zuniga-Garcia was convicted.

2. A constitutional violation occurs as a result of the government's failure to preserve potentially-exculpatory evidence where the evidence is "constitutionally material,"*California v. Trombetta*, 467 U.S. 479, 489 (1984), and the loss or destruction occurs in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). If

the loss or destruction does not rise to a constitutional violation, relief short of dismissal may be obtained where a balancing of "the quality of the government's conduct and the degree of prejudice to the accused" favors the latter. *United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011) (*quoting United States v. Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1979) (Kennedy, J., concurring)).

3.    The prosecutor made the bolt a substantial part of its case, as demonstrated by the government's reliance on it in its opening and closing statements, by the examination of the prosecutor's own witnesses on the subject of the bolt, and by the presentation of it as inculpatory physical evidence to the jury. It was equally important that the defendant be able to present evidence that the bolt was on his person for a legitimate reason. The destruction of this evidence left the defendant without any means of refuting an important part of the prosecution's case.

4.    We therefore hold that the district court's conclusion that the missing evidence did not have exculpatory value was clearly erroneous. Considering the nature of the government's conduct in permitting the loss or destruction of Zuniga-Garcia's tools after it had been made aware of the importance of that evidence to the defendant, we hold that under *Flyer*, the balance favors the defendant and the failure to give the requested instruction was an abuse of discretion. Because the

only relief sought by the defendant was the lesser sanction of a jury instruction, we need not consider whether the test for a constitutional violation has also been met.

REVERSED and REMANDED.

United States v. Zuniga-Garcia, No. 11-50016

CALLAHAN, Circuit Judge, dissenting:

I dissent. In order to establish a due process violation from the government's failure to preserve potentially exculpatory evidence, a defendant must show that the evidence: (1) possessed exculpatory value that was apparent before the evidence was destroyed; (2) was of such a nature that the defendant was unable to reasonably obtain comparable evidence; and (3) was destroyed in bad faith. *See California v. Trombetta*, 467 U.S. 479, 489 (1984) (establishing factors (1) and (2)); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (adding the bad faith requirement). Under *United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011), "[i]f the government destroys evidence under circumstances that do not violate a defendant's constitutional rights, the court may still impose sanctions . . . ." *Id.* at 916. Where the loss does not rise to the level of a constitutional violation, however, the court balances "the quality of the Government's conduct" against "the degree of prejudice" to the defendant. *Id.*

Zuniga-Garcia was stopped in his truck by Custom and Border Protection Agents while entering the United States at the Calexico port of entry. During primary inspection, the vehicle shut off twice. The agent then referred the vehicle to secondary inspection, where the secondary officer tapped the gas tank and

1

"heard a solid sound." Upon conducting a pat-down of Zuniga-Garcia, the officer found a bolt in his pocket. Zuniga-Garcia told the officer that the bolt was for one of the tools in his truck. The officer then inspected the gas tank of the truck and found that there was permapoxy that had dripped on the outside of the tank; he also found a tube of permapoxy in the glove box of the truck. A contractor then removed the gas tank from the truck to reveal a cut in the tank that had been glued shut. Upon opening the tank, the officer found twenty-two packages of marijuana, totaling 26.84 kilograms. Both the bolt and the tube of glue were bagged and inventoried as evidence. The bolt was later tested by another agent and found to fit the retaining clip that was used to affix the gas tank to the vehicle. At trial, Zuniga-Garcia testified that he saw his young son holding the bolt earlier that day and took it from him and placed it in his pocket, presuming that it was from one of his tools. None of Zuniga-Garcia's tools were inventoried, and though the officer took multiple photographs of the truck, the photographs were lost.

At trial, Zuniga-Garcia requested a missing evidence instruction to the jury, arguing that the missing evidence constituted a due process violation. The district court denied the requested instruction, finding that "[t]here is no evidence before the court that the tools . . . and other items that are missing, would be exculpatory. I think, at bottom, that's speculative." As to the bad faith prong, the court found

2

that,

> there is no evidence, there is no indication of any kind that the government and any of its agents intentionally destroyed evidence . . . it appears that in the routine course of things a contractor dismantled the gas tank and scattered parts. And it wasn't apparent then that these parts, bolts and other items, would have evidentiary value. They would appear inadvertently discarded.

As to the missing photos, the court found that "[t]here is no indication that those photographs were in any way exculpatory . . . it appears that they had been misplaced. . . . I would not be prepared to conclude that there was an intentional misplacement of the evidence or a destruction of evidence in the pejorative sense."

The majority concludes that the district court's findings are clearly erroneous. It also concludes that, "[c]onsidering the nature of the government's conduct in permitting the loss or destruction of [the evidence]," the *Flyer* balance tips in favor of the defendant, making it an abuse of discretion to deny his request for a missing evidence jury instruction. Mem. Dispo. at 3; *Flyer*, 633 F.3d at 916.

I disagree for several reasons. First, the record does not support either a finding of exculpatory value or of bad faith, and thus there is no violation of Zuniga-Garcia's constitutional rights. Second, because Zuniga-Garcia did not raise the alternative balancing test in the district court, he has waived his right to assert it on appeal. Third, if the balancing test is applicable, the record does not support a

3

grant of relief to Zuniga-Garcia. Finally, even if there were some possibility of granting relief to Zuniga-Garcia under the balancing test, the matter should be remanded to the district court for the further development of the record.

**A.** Although the panel does not conclude that Zuniga-Garcia established a constitutional violation, it uses the evidence put forth at trial under the due process test to conclude that Zuniga-Garcia is entitled to relief. However, under both the due process test and the alternative balancing test, this court should defer to the district court's findings.

Factual findings, such as the absence of bad faith, are reviewed for clear error. *Flyer*, 633 F.3d. at 916, *citing United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). The issue on appeal was whether the district court's findings that (a) the missing evidence lacked exculpatory value and (b) the government did not act in bad faith were in error.

The district court found that the evidence lacked exculpatory value and was not destroyed in bad faith. It made these findings after hearing the testimony of Zuniga-Garcia and at least three officers, all of whom were cross-examined. We should defer to the district court's finding here that the evidence did not possess exculpatory value and that the evidence was not destroyed in bad faith. "Deference to trial court factfinding reflects an understanding that the trial judge's major role

4

is the determination of fact, and with experience in fulfilling that role comes expertise." *Brown v. Plata*, 131 S.Ct. 1910, 1929 (2011) (citations omitted) (internal quotation marks omitted). "The clear error standard is highly deferential and is only met when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011) (citations omitted) (internal quotation marks omitted). "In order to reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record." *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (*citing United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

The district court's findings are reasonable. Zuniga-Garcia's theory of his case hinges on the fact that the bolt was only in his pocket because he saw it in his son's hand and thought that it came from one of his tools. Under that theory, however, the mere fact that he had tools in his truck—a fact not contested at trial—is enough to support his assertion that he took it from his son because he thought it was his. Zuniga-Garcia did not need to present the physical tools at trial for a jury to believe him. In fact, a demonstration that the bolt fit with his tools would be more inculpating than exculpating because it implies that Zuniga-Garcia

5

owned the bolt that fit the retaining clip of the altered gas tank. The demonstration would tend to show that (1) the bolt was his and (2) his tool could have been used when the gas tank was altered. Thus, it is not likely—and at best "speculative," as noted in the district court—that the lost tools would have been of any assistance to Zuniga-Garcia.

Moreover, after observing the testimony of at least three government officials, the district court came to the conclusion that the evidence was not destroyed in bad faith. "The presence or absence of bad faith . . . must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Youngblood*, 488 U.S. at 56 n.*. Any assumption that the inspection officer must have recognized that the tools possessed exculpatory value and therefore lost or destroyed them in bad faith, is contrary to the record. The court heard the officer's testimony and made a determination that the missing evidence was not destroyed in bad faith. Again, the panel should defer to the factual finding of the district court.

**B.** Without directly confronting Zuniga-Garcia's failure to establish a due process violation, the panel majority uses the evidence put forth at trial under the due process test to conclude that Zuniga-Garcia established the right to a sanction under the balancing test. The balancing test has been applied by this court to

6

impose sanctions other than dismissal of an indictment where "the government destroys evidence under circumstances that do not violate a defendant's constitutional rights," *Flyer*, 633 F.3d at 916, but Zuniga-Garcia only objected in the trial court to the denial of his request for a missing evidence instruction on constitutional grounds. Thus, he did not raise and preserve the issue of alternative sanctions under the balancing test for appeal. *See* Fed. R. Civ. P. 51; *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1030 (9th Cir. 2003) ("in order to preserve objections against jury instructions, a party must stat[e] distinctly the matter objected to *and the grounds of the objection"* (citations omitted) (internal quotation marks omitted)); *Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir. 1991) (en banc) (noting that the Ninth Circuit is the "strictest enforcer of Rule 51"). I would defer to the district court's findings that there was no constitutional violation of due process and hold that Zuniga-Garcia has waived his right to assert the alternative balancing standard on appeal.

**C.** Even if Zuniga-Garcia's general objection at trial preserved his claim of a non-constitutional violation, the panel majority erred in reversing Zuniga-Garcia's conviction. Under *Flyer*, the government has the burden of justifying its conduct, while the defendant has the burden of demonstrating prejudice. *Flyer*, 633 F.3d at 916. The majority concludes that Zuniga-Garcia demonstrated some prejudice

7

resulting from the lost evidence based on its conclusion that the evidence possessed exculpatory value. The majority then concludes that, as a result, "the balance favors the defendant." Mem. Dispo. at 3.

If we assume that the tools could possess exculpatory value and thus that their loss might prejudice the defendant (an unexplained assumption that the majority makes), we should nonetheless defer to the district court's reasonable finding that here, the lost evidence *did not* possess exculpatory value. *See supra* Part A. Deferring to that reasonable finding, it follows that the loss of evidence that possessed no exculpatory value did not prejudice the defendant's case because that evidence would not have been helpful to the defendant.

**D.**     Finally, I note that the balancing test requires that the government bear the burden of justifying its conduct. *Flyer*, 633 F.3d at 916. At trial in the district court, the government did not have the opportunity to justify its conduct under the balancing test since Zuniga-Garcia did not request that alternative sanctions be considered under the balancing test. At trial, the sole burden of establishing a constitutional violation was on Zuniga-Garcia. Thus, even if we disregard the finding of the district court and conclude that Zuniga-Garcia demonstrated prejudice by showing that the evidence was potentially exculpatory, we should nonetheless remand this case to give the government the opportunity to meet the

8

burden that it did not know it had.

Zuniga-Garcia's conviction should be affirmed because he has failed to establish a constitutional violation, and alternative sanctions under the balancing test were not raised at trial and thus are waived.  Even applying the balancing test, I would nonetheless defer to the district court's finding that the evidence was not exculpatory and thus that its loss did not prejudice Zuniga-Garcia.  Finally, even if the majority were correct that the balancing test applies and that Zuniga-Garcia has demonstrated some prejudice, I would remand to provide the government with the opportunity to justify its conduct.